UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TYGANDA GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-286-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Tyganda Gilmore has filed a motion seeking appointment of counsel. [Record No. 53] Gilmore originally filed this action on December 8, 2016, against Leroy Cheney and various other prison officials. He alleged a conditions-of-confinement claim and four excessive-force claims brought under the doctrine set forth in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [Record Nos. 1, 6] The only remaining claim is the excessive-force claim against Cheney. [*See* Record Nos. 19, 39.] In support of his request for counsel, Gilmore argues that he is indigent and he requires assistance to bring this lengthy matter to a conclusion. [Record No. 53]

However, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Whether to appoint counsel is discretionary, and courts often "consider[] the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently." *Atkins*

*v. Williams*, No. 5:20-CV-00126-GFVT, 2020 WL 5505122, at *5 (E.D. Ky. Sept. 11, 2020) (citing *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009)).

Having considered these factors, the undersigned finds nothing exceptional about Gilmore's circumstances. The length of the pendency of this case is a not a reflection of its complexity. Gilmore claims that Cheney used excessive force on two occasions after Gilmore refused to submit to hand restraints. [Record No. 1, pp. 7, 13-14] He has repeatedly demonstrated his ability to pursue these claims competently, both before this Court and on appeal. Further, although his claims are not frivolous, the fact that they are not particularly complex leads the Court to conclude that their possible merit does not compel the appointment of counsel. *See Baldwin v. Hutson*, No. 6:19-CV-151-REW, 2020 WL 3530563, at *8 (E.D. Ky. June 30, 2020).

Gilmore has not demonstrated that extraordinary circumstances justify appointing counsel to aid him in this matter. Accordingly, it is hereby

**ORDERED** that the plaintiff's motion to appoint counsel [Record No. 53] is **DENIED**.

Dated: November 12, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky